UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHARLES ALOYIOUS PULLIAM,<br><br>Plaintiff,<br><br>vs.<br><br>TARA E. SILVERNAIL, COUNSLER, COMPAS POINT TREATMENT CENTER IN HER INDIVIDUAL AND OFFICIAL CAPACITY; COMPAS POINT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; PENNINGTON CO JAIL, CAPTAIN ANDERSON, IN HIS OR HER OFFICIAL CAPACITY;<br><br>Defendants. | 5:22-CV-05055-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANT ANDERSON'S MOTION TO DISMISS |

Plaintiff Charles Aloyious Pulliam filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 against Defendants Tara E. Silvernail, Compas Point, and Captain Anderson. Doc. 1. Pulliam was an inmate at the Pennington County Jail when this lawsuit was filed, id. at 1, but his current location is unknown. Pulliam moved for leave to proceed in forma pauperis and filed a prisoner trust account report. Docs. 2, 3. Pulliam also filed a motion for appointment of counsel. Doc. 6. This Court screened Pulliam's complaint under 28 U.S.C. § 1915A, and one claim against Anderson survived screening. Doc. 7. Pulliam was sent a blank summons form so that he could complete the form to cause the complaint to be served upon Anderson. Doc. 8. This Court's screening order, as well as the summons forms sent by the Clerk of Court, were returned as undeliverable. Doc. 9. The Clerk of Court's office received a call from someone purporting to be

1

Pulliam's grandmother on January 18, 2023, and the caller advised that Pulliam was back in the Pennington County Jail, and the Clerk of Court resent the documents to the jail address.

On April 11, 2023, Anderson filed a motion to dismiss, Doc. 11, under Federal Rule of Civil Procedure 4(m) for failure to serve. According to Anderson, no summonses have been issued in this case and no Defendant has been served. Doc. 12 at 2. Defendant attempted to serve the motion to dismiss and related documents on Pulliam at the jail, but those too were returned as undeliverable. Docs, 13, 15. Pulliam has not filed anything in this case since August 2022 or informed this Court of his current address as required by the screening order.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). It has been more than 282 days since Pulliam was sent blank summons forms that he was to complete so the complaint can be served. There does not appear to be good cause to further extend the time for service. This Court accordingly grants Anderson's Motion to Dismiss and will enter a judgment of dismissal without prejudice as Pulliam's claims against Anderson.

Silvernail, who is the sole remaining Defendant, has not filed a motion to dismiss, but there has been no indication that she has been served either. This Court accordingly dismisses without prejudice this case as to the claim against Silvernail, but will reconsider this ruling if within 30 days of this opinion and order Pulliam shows that Silvernail has in fact been served with the complaint.

For these reasons, it is

ORDERED that Defendant Anderson's Motion to Dismiss, Doc. 11, is granted. It is further

ORDERED that all claims against Defendant Silvernail are dismissed without prejudice, but that this Court will reconsider this ruling if within 30 days Pulliam shows Silvernail has been served.

DATED this 1st day of August, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE